ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 3:03-CR-268-L(01) |
| | ) | (3:05-CV-0493-L) |
| JUAN GABRIEL GARCIA, #04075376, | ) | |
| Defendant/Movant. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant, Juan Gabriel Garcia, is presently confined at the Dallas County Jail in Dallas, Texas.  He states that he was transferred to the Dallas County Jail from the Texas Department of Criminal Justice because of a bench warrant from Dallas County.  (§ 2255 Motion (Mot.) at 1).

Statement of the Case:  Movant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841.  (Mot. at 2).  On February 2, 2004, the district court sentenced Movant to 100 months imprisonment and a five-year term of supervised release.

(Id.).  Movant did not appeal.  (Id.).

On March 10, 2005, Movant filed this § 2255 motion challenging the judgment of

conviction.  In one ground for relief, he requests to be resentenced in accordance with the recent

Supreme Court's ruling finding the United States Sentencing Guidelines unconstitutional.  See

United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under §

2255.  See 28 U.S.C. §§ 2255.  The district court may raise the affirmative defense of the statute

of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

The one-year period is calculated from the latest of either (A) the date on which the

judgment of conviction became final; (B) the date on which an impediment to filing a § 2255

motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from filing by such governmental action; (C) the

date on which the Supreme Court initially recognizes a new constitutional right and makes the

right retroactively applicable to cases on collateral review; or (D) the date on which the facts

---

[1]      In Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403
(2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge
under the Washington Sentencing Reform Act, which was based on fact neither admitted by the
defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.
Blakely, 124 S.Ct. at 2538.  The Supreme Court recently extended Blakely to the federal
sentencing guidelines.  United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621
(2005).  That holding, however, has thus far only been made applicable to cases on direct review.
Id. at 769.

[2]      On March 21, 2005, the Magistrate Judge advised Movant of the one-year statute
of limitations and granted him thirty days to show cause why the § 2255 motion should not be
dismissed as barred by the limitation period.  Movant filed his response to the show cause order
on April 5, 2005.

supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2255.

Movant alleges that the Supreme Court's ruling in Booker "remov[ed] the impediment allowing movant to challenge his wrongful sentence." (See Movant's Response to Show Cause Order at 1). Insofar as Movant seeks to rely on subparagraph (B), to determine the latest date on which the one-year period commenced – his claim is frivolous. "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by [government] action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, *436 (5th Cir. 2003). Here Movant has alleged no government created impediment which prevented him from filing a timely § 2255 motion.

Movant's reliance on subparagraph C fares no better. Subparagraph C provides that the one-year period commences from the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review. See Subparagraph (C) of § 2255. Movant alleges that he could not have filed this § 2255 motion before the issuance of the Booker opinion. (Movant's Response to Show Cause Order at 1). While the Supreme Court recently issued its holding in Booker, it has not yet addressed whether it should be made retroactively applicable to cases on collateral review. See Booker, ___ U.S. ___, 125 S.Ct. 738, 769 (expressly extending holding "to all cases on direct review"). The circuit courts that have considered the question have also determined that the Booker decision is not retroactive to collateral cases. See Guzman v. United States, No.03-2446-PR, 2005 WL 803214, at *2-4 (2nd Cir. April 8, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir.

3

2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Therefore, subparagraph C is presently inapplicable to Movant.

With respect to subparagraph D, the court determines that the facts supporting the claims raised in the instant § 2255 motion became known or could have become known prior to the date Movant's judgment of conviction became final. Therefore, the court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Movant's conviction became final on February 25, 2004, the last day on which he could have appealed to the Fifth Circuit Court of Appeals the judgment of conviction entered on February 10, 2004. See Fed. R. App. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").[3] The one-year period began to run on February 26, 2004, the day after the conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on February 25, 2005. Movant did not file this § 2255 motion until March 10, 2005, thirteen days after the expiration of the one-year period.[4] Therefore, Movant's § 2255 motion is clearly untimely.

_____

[3]     Although Movant was sentenced on February 2, 2004, the judgment of conviction was not filed until February 5, 2004, and it was not entered on the docket until February 10, 2004. The court has relied on the latter date in calculating the ten-day period for appeal purposes under Fed. R. App. P. 4(b)(1)(A).

[4]     Pursuant to United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a § 2255 motion is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Movant failed to include the date on which he signed his § 2255 motion. (See §

Insofar as Movant requests equitable tolling of the limitation period, his request should be denied.  Neither the § 2255 motion nor the response to this court's order to show cause presents "rare and exceptional circumstances" warranting equitable tolling, United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 539 U.S. 952 (2003), and that Movant diligently pursued her rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  To the extent Movant relies on his *pro se* status, the claim is meritless.  "[N]either a plaintiff's unfamiliarity with the legal process nor [his] lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

---

2255 Mot. at 10).  Therefore, absent additional information, the court is bound by the filing date of March 10, 2005.  Moreover, it appears that the § 2255 motion was post-marked on March 9, 2005, only one day before its filing in this court.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the motion under 28 U.S.C. § 2255 as barred by the one-year statute of limitations.

A copy of this recommendation will be mailed to Movant Juan Gabriel Garcia, #04075376, Dallas County Jail, 500 Commerce Street, Dallas, Texas 75202.

Signed this _26_ of ____April____, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.