IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   Criminal Action No. 3:03-CR-268-L(01) |
| v. | §   (Civil Action No. 3:05-CV-0493-L) |
| | § |
| JUAN GABRIEL GARCIA, #04075376 | § |

**MEMORANDUM OPINION AND ORDER**

Defendant/Movant Juan Gabriel Garcia ("Garcia") seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation.  On April 26, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Garcia filed objections on June 2, 2005.[2]

**I.     The Magistrate Judge's Findings and Recommendation**

The magistrate judge recommended that Garcia's § 2255 request be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110

---

[1] On November 3, 2003, Garcia pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841.  On February 2, 2004, the court sentenced Garcia to 100 months imprisonment and a five-year term of supervised release.  Garcia did not appeal this sentence.

[2] On May 5, 2005, Garcia filed a "Response to Order to Show Cause with Respect to the Statute of Limitations," dated May 3, 2005. After reviewing the "Response," the court determined it was a motion for an extension of time to file objections to the April 26, 2005 findings of the magistrate judge.  As the court was preparing its order granting Garcia's request for more time to file his objections, the court received Defendant's Objection (sic) to the Magistrate's Findings, Conclusions and Recommendation, filed on June 2, 2005 ("Objections"), thereby mooting Garcia's "Response to Order to Show Cause with Respect to the Statute of Limitations," dated May 3, 2005 and filed May 5, 2005.  The court will consider the Objections, filed June 2, 2005, as timely, for purposes of conducting its review of the April 26, 2005 findings of the magistrate judge pursuant to 28 U.S.C. § 636(b)(1).

**Memorandum Opinion and Order – Page 1**

Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d). AEDPA provides in relevant part that the one-year limitations period for federal inmates seeking relief under 28 U.S.C. § 2255 shall run from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant is prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. On March 21, 2005, the magistrate judge directed Garcia to file a preliminary response addressing the limitations issue. On April 3, 2005, Garcia filed his response, stating that under 28 U.S.C. § 2255(2) his motion was not time-barred because the "Supreme Court of the United States recently declared the Federal Sentencing Guidelines unconstitutional [which decision] remov[ed] the impediment allowing movant to challenge his wrongful sentence." Resp. at 1.[3] Garcia also stated that his motion was not time-barred under § 2255(3), since he could not have filed his motion before the issuance of the *Blakely* and *Booker* decisions by the Supreme Court. *Id.* In his findings and recommendation, the magistrate judge rejected Garcia's § 2255(2) argument as

---

[3] Although Garcia did not identify the exact Supreme Court decisions to which he was referring, his Objections make clear that he was referring to *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2004). In *Blakely*, the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act violated the Sixth Amendment to the United States Constitution since the maximum sentence a judge may impose is the sentence authorized "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S.Ct. at 2537. In *Booker*, the Supreme Court (relying on *Blakely*) found the federal Sentencing Guidelines unconstitutional insofar as they mandated sentencing enhancements above the Guidelines range, and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756.

**Memorandum Opinion and Order – Page 2**

frivolous, since Garcia had "alleged no government created impediment which prevented him from filing a timely § 2255 motion." Findings at 3. The magistrate judge also rejected Garcia's § 2255(3) argument as "presently inapplicable to Movant[]" since as of the date of the findings, the Supreme Court had not yet addressed whether Booker should be made retroactively applicable to cases on collateral review. *Id.* at 3-4. The magistrate judge found that under § 2255(4), "the facts supporting the claims raised in the instant § 2255 motion became known or could have become known prior to the date Movant's judgment of conviction became final." *Id.* at 4.[4] Garcia was sentenced on February 2, 2004, the judgment of conviction was filed on February 5, 2004, and entered on the docket on February 10, 2004. Relying on the latter date, the magistrate judge found that Garcia's conviction became final on February 25, 2004, the last day he could have appealed to the Fifth Circuit Court of Appeals the judgment of conviction entered on February 10, 2004. *Id.*[5] The one-year period began to run on February 26, 2004, and expired on February 25, 2005. Because Garcia did not file his § 2255 motion until March 10, 2005, the magistrate judge concluded that Garcia's motion was untimely under the AEDPA, and accordingly recommended that the case be dismissed as time-barred. The magistrate judge did not address whether the recommended dismissal was with prejudice or without prejudice.

---

[4]At times, the magistrate judge inadvertently cites to 28 U.S.C. § 2244(d)(1)(A), rather than § 2255(1), as establishing the one-year limitations period applicable in this case. *See* Findings at 4. Section 2244(d)(1) applies the one-year limitations period to applications for the writ of habeas corpus by a "person in custody pursuant to the judgment of a State court." Section § 2255(1) establishes the corollary limitations period for prisoners in federal custody challenging their sentence, as is the case here. Garcia similarly cites to § 2244 instead of § 2255. This oversight is harmless, however, as the statutes are otherwise identical.

[5]Fed. R. App. P. 4(b)(1)(A) provides that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

**Memorandum Opinion and Order – Page 3**

## II.   Defendant's Objections

Garcia objects to the magistrate judge's finding that his § 2255 request was time-barred. His first objection is that the limitations period should be calculated under § 2255(2), under which the limitations period would begin to run on:

> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant is prevented from making a motion by such governmental action.

Garcia's objections state that this subsection should be applied since:

> Congress implemented and enacted the previous Federal Sentencing guidelines some 21 years ago around 1984 and told the federal judges to follow them. Congress is considered a governmental entity. Since that time federal judges have followed those guidelines. In fact those same guidelines was [sic] applied in petitioner's case. So it can be said that governmental action implemented some 21 years ago and subsequently invoked at the time of petitioner's sentencing on 2-2-04, prevented petitioner from filing his now asserted claim. That governmental action now determined [sic] violated the Constitution of [sic] the laws of the United States.

Objections at 2. Essentially, Garcia is contending that the statute of limitations on his § 2255 motion should have been calculated from the date of either the Supreme Court's decision under *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) (decided on January 12, 2005), or *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2004) (decided on June 24, 2004), as these cases purportedly removed an impediment created by governmental action, namely the United States Sentencing Guidelines under which he was sentenced. *See* Objections at 2 and *see supra* n.3. This objection is **overruled**. The government-created impediment exception requires a prisoner to show that: (1) he was prevented from filing a petition (2) by [government] action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Garcia has not demonstrated any governmental action that prevented him from filing a petition. Even assuming that

**Memorandum Opinion and Order – Page 4**

the federal Sentencing Guidelines could be deemed governmental action, Garcia has not shown that the guidelines prevented him from filing his § 2255 motion.

Garcia's second objection is based on 28 U.S.C. § 2255(3), under which Garcia argues that the limitations period would begin to run:

> (3) on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Garcia contends that the *Booker* and *Blakely* decisions (*see supra* at n.3) announced a new constitutional right which would allow him to challenge his sentence which was imposed under the federal Sentencing Guidelines. Objections at 2-3. The magistrate judge did not reject this claim, but found that § 2255(3) was "presently inapplicable to Movant[,]" given that the Supreme Court had not determined yet whether the cases applied retroactively to cases on collateral review. Findings at 4. Neither the United States Supreme Court nor the Fifth Circuit has determined whether the Supreme Court's holdings in *Blakely* and *Booker* should be applied retroactively to cases on collateral review. Therefore, the court agrees with the magistrate judge and **overrules** Garcia's objection as **premature**. With regard to Garcia's argument that his § 2255 motion is not time-barred under § 2255(3), the court will dismiss the motion without prejudice. Should the Supreme Court announce that *Blakely* and *Booker* apply retroactively to cases on collateral review, Garcia will be permitted to file a renewed § 2255 motion. *See Simpson v. United States*, 376 F.3d 679 (7th Cir. 2004) (where federal prisoner filed a § 2255 motion seeking to challenge his sentence under *Blakely*,

**Memorandum Opinion and Order – Page 5**

dismissing without prejudice his application as prematurely filed since the Supreme Court had yet to make *Blakely* applicable to cases on collateral review).[6]

As his third objection, Garcia argues that his § 2255 motion to vacate, set aside or correct his sentence is not time-barred under § 2255(4), pursuant to which the limitations period would begin to run on the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Objections at 3-4. According to Garcia, the limitations period would begin to run on either the date *Blakely* was decided (June 24, 2004) or *Booker* was decided (January 12, 2005), rendering his § 2255 motion timely. As Garcia did not make an argument under § 2255(4) in his preliminary response to the magistrate judge, the magistrate judge did not consider this argument. For the same reasons as set forth above with regard to Garcia's § 2255(3) argument, the court **overrules** Garcia's objection as **premature**. With regard to Garcia's argument that his § 2255 motion is not time-barred under § 2255(4), the court will dismiss the motion without prejudice. Should the Supreme Court announce that *Blakely* and *Booker* apply retroactively to cases on collateral review, Garcia will be permitted to file a renewed § 2255 motion.

Finally, Garcia objects to the magistrate judge's finding that his request was time-barred on the basis that he is entitled to equitable tolling of the one-year period. *See* Objections at 4. AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is appropriate, however, only in "rare and exceptional circumstances." *Id.* Garcia argues that

---

[6]In dismissing the § 2255 application without prejudice, the court in *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) stated: "Assuming that the Supreme Court announced a new constitutional rule in *Blakely* and assuming that [defendant's] sentence violates that rule, the proposed claim is premature."

**Memorandum Opinion and Order – Page 6**

equitable tolling should be applied here since he had limited access to the jail law library (one hour per week) and because the law library was inadequate. The Fifth Circuit has made clear that "an inadequate law library does not constitute a rare and exceptional circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir.2000), *cert. denied*, 532 U.S. 963 (2001) (internal quotations and citation omitted); *Felder v. Johnson*, 204 F.3d 168, 172-74 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (same); *Egerton*, 334 F.3d at 437 (same). Moreover, the court does not find that one hour per week access to the law library constitutes a "rare and exceptional circumstance." *See generally Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (citation omitted). Accordingly, the court **overrules** Garcia's fourth objection to the magistrate judge's findings.

**III.    Conclusion**

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Defendant's objections thereto, the court determines that the findings and conclusions are correct in recommending dismissal of the motion under 28 U.S.C. § 2255 as barred by the applicable one-year statute of limitations. Accordingly, the magistrate's findings are accepted as those of the court. Garcia's request to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **denied**, and this action is **dismissed with prejudice** as time-barred insofar as Garcia seeks to rely on 28 U.S.C. § 2255(2) and the doctrine of equitable estoppel to argue that his § 2255 motion is not time-barred. Garcia's request to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **denied**, and this action is **dismissed without prejudice** as time-barred insofar as Garcia seeks to rely on 28 U.S.C. § 2255(3) or (4) to argue that

his § 2255 motion is not time-barred. Should the Supreme Court or the Fifth Circuit announce that the decision in *Booker* applies retroactively to cases on collateral review, Garcia will be permitted to file a renewed § 2255 motion. A renewed motion will not be permitted under any other circumstances.

**It is so ordered** this 22nd day of June, 2005.

Sam A. Lindsay
United States District Judge